### Robert F. PHILLIPS

v.

### David MATHEWS, Secretary of Health, Education and Welfare.

Civ. A. No. 75–0508–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Jan. 30, 1976.

S. Strother Smith, Abingdon, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education, and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction of this court is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues to be decided by this court are whether the Secretary's final decision is supported by "substantial evidence", and if it is, this court must affirm, or whether there is a "good cause" to justify remanding the case to the Secretary for further development.

In the administrative proceedings below, an Administrative Law Judge considered the evidence and rendered an opinion denying plaintiff's entitlement to benefits. Subsequently, the Social Security Administration's Appeals Council affirmed the Law Judge's decision by way of a form letter. During the period between the entry of the Law Judge's opinion and the final action of the Secretary, plaintiff's attorney requested the Appeals Council, by letter, to assist in securing response to interrogatories from several doctors who provided X-ray rereadings in the case. (TR 6). While the receipt of the letter was noted by the Appeals Council (TR 5), the record reveals no appropriate response made by the Appeals Council to plaintiff's request.

The court notes that the opinions of the rereading doctors described by plaintiff proved crucial to the Secretary's determination. Moreover, the interrogatories presented by plaintiff raise many pertinent questions. Even the most basic due process standards require that plaintiff be provided with relevant information for which he has made timely written request. The Appeals Council, under proper procedure, should have either assisted plaintiff in procuring the information requested or offered adequate basis for denial of the request. Certainly, the issuance of a final decision prior to a satisfactory resolution of this matter constitutes an administrative oversight which this court is unable to accept.

Upon a showing of "good cause", the court orders this case remanded to the Secretary for further development. Upon remand, the Secretary shall make proper response to plaintiff's requests and consider any additional evidence which might be developed.