Julius FUNDERBURK, Plaintiff,

v.

Joseph CALIFANO, Secretary, United States Department of Health, Education and Welfare, Defendant.

No. C–C–77–54.

United States District Court,
W. D. North Carolina,
Charlotte Division.

June 7, 1977.

Jean M. Cary, Legal Aid Society of Mecklenburg County, Charlotte, N.C., for plaintiff.

Kenneth G. Starling, Asst. U. S. Atty., Charlotte, N.C., for defendant.

ORDER

McMILLAN, District Judge.

Julius Funderburk, plaintiff, filed this suit on February 25, 1977, under 42 U.S.C. § 405(g), for review of the final decision of the Secretary of the Department of Health.

Education and Welfare denying him disability insurance benefits. The Secretary moved to dismiss the complaint on the grounds that it was not filed within sixty days of plaintiff's receipt of notice of the Secretary's final decision as required by § 405(g) and 20 C.F.R. § 422.210(c).

Plaintiff filed his claim for disability benefits on April 28, 1975. An administrative law judge denied the claim in a decision dated July 30, 1976. Plaintiff requested review of that decision by the Appeals Council on August 3, 1976, and some time thereafter secured representation by the Legal Aid Society.

On September 14, 1976, the Appeals Council affirmed the decision of the administrative law judge and sent notice of its decision to Funderburk on September 15, 1976. Under 20 C.F.R. § 422.210(c), Funderburk is presumed to have received the notice of decision on or before September 20, 1976, making November 19, 1976, the last day on which Funderburk could file suit in district court for review of the Secretary's decision.

Funderburk only completed the third grade and can read a little and sign his name. He failed to inform the Legal Aid Society of his receipt of the Council's decision.

On November 1, 1976, the Legal Aid Society wrote the Appeals Council to inform it of the Society's representation of plaintiff and to request that his file remain open for submission of additional evidence. The Council responded by letter of November 16, 1976, that a decision by the Council had been rendered on September 14, 1976, but that "The Appeals Council exercises the jurisdiction to consider the question of reopening and revision of the administrative law judge's decision in Mr. Funderburk's case. In this regard, the Council will carefully consider any additional evidence or information which you may furnish." This letter was mailed to Legal Aid presumably November 16, 1976, the day the letter was dated, three days before the time limit for filing suit in district court expired. Legal Aid did submit additional evidence on December 1, 1976.

In a letter of January 13, 1977, the Council responded that "The Appeals Council has carefully considered your statements as well as the attached hospital and medical reports from the VA, but has concluded that modification of action previously taken is not warranted. . . . Accordingly, the administrative law judge's decision dated July 30, 1976, stands as the final decision of the Secretary in this case."

Plaintiff then filed this suit on February 25, 1977.

42 U.S.C. § 405(g) provides in pertinent part that:

"Any individual, after any *final decision* of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by civil action commenced within 60 days after *the mailing to him of notice of such decision* or within *such further time as the Secretary may allow.*" (Emphasis added.)

Plaintiff filed suit within 60 days after receipt of the Appeals Council's January 13, 1977, letter, but more than 60 days after mailing to him of notice of the Council's September 14, 1976, decision.

The September 14, 1976, decision of the Appeals Council was a final decision of the Secretary, appealable within 60 days to this court. Plaintiff's failure to inform counsel of his receipt of the Council's decision would not excuse his failure to file suit within the time limit. 20 C.F.R. § 404.957, however, says that the Appeals Council may reopen a decision "which is *otherwise final* . . . (a) within 12 months from the date of the notice of the initial determination . . . to the party to such determination." (Emphasis supplied.) The Council's January 13, 1977, letter demonstrates that the Council *did* reopen its September 14, 1976, decision when it states that the Council "carefully considered" the additional materials submitted, concluded that modification of the prior decision was not warranted, and held that the administrative law judge's decision dated July 30, 1976,

"stands as the final decision of the Secretary in this case" (the identical phrase used in the Council's original decision) rather than simply stating that the Council refused to reopen its September 14, 1976, decision.

Having reopened a decision that "otherwise" would have been final, the Secretary had to substitute a new final decision, and the January 13, 1977, letter notified plaintiff of that new decision. This action was commenced within 60 days of receipt of that letter.

*Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), is not controlling. There the Supreme Court held that § 405(g) was not a grant of jurisdiction to review a decision of the Secretary to *refuse* to reopen a seven-year-old decision denying benefits, interpreting that section as effectuating a Congressional policy choice to forestall repetitive or belated litigation of stale eligibility claims.

Plaintiff's disability claim and his right to bring a civil suit were very much alive when the Appeals Council agreed to consider additional evidence and remained alive when the Council determined to reopen its decision and render a new decision based on consideration of the additional evidence submitted.

Even if the Council had refused to reopen its September 14, 1976, decision, plaintiff would still be entitled to bring this suit because the Secretary waived the 60-day statute of limitation in § 405(g). The Supreme Court has twice held that the 60-day time limit is not jurisdictional but is a statute of limitation waivable by the Secretary. *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Matthews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The Secretary should not be entitled to assert the statute here where the Appeals Council invited plaintiff to submit additional evidence three days before the time limit for filing suit expired, forcing plaintiff to choose whether to pursue additional administrative channels or to institute a possibly needless civil action. Plaintiff should not be pun-

ished for the entirely reasonable decision of his representatives to present their expert factual development and legal analysis to the Appeals Council before pursuing judicial review.

IT IS THEREFORE ORDERED that the motion of the Secretary to dismiss be and it hereby is denied.