Fayne W. ARTRIP, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and
Welfare, Appellee.

No. 77–1684.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 16, 1977.

Decided Feb. 6, 1978.

Robert T. Copeland, Abingdon, Va.
(Smith, Robinson & Vinyard, Abingdon,
Va., on brief), for appellant.

Mary Feinberg, Asst. U. S. Atty., Roa-
noke, Va., (Paul R. Thomson, Jr., U. S.
Atty., E. Montgomery Tucker, Asst. U. S.
Atty., Roanoke, Va., Stephanie W. Naidoff,
Regional Atty., Fred Marinucci, Asst. Re-
gional Atty., Philadelphia, Pa., Roberta
Hess, Legal Asst., Dept. of Health, Educa-
tion and Welfare, on brief), for appellee.

Before FIELD, Senior Circuit Judge, and
WIDENER and HALL, Circuit Judges.

PER CURIAM:

This appeal was taken from an order of
the United States District Court for the
Western District of Virginia, affirming the
administrative denial of "black lung" bene-
fits sought pursuant to the regulations en-
acted under the Federal Coal Mine Health
Safety Act of 1969, *as amended*, 30 U.S.C.
§ 901, *et seq.* (the "Act"). We affirm.

The claimant does not directly challenge the administrative decision denying his claim, but rather, he contends: (1) that he was denied a fair hearing due to the bias of the Administrative Law Judge; (2) that the Administrative Law Judge erred due to his failure to grant claimant's request for interrogatories;[1] and, (2) that the Secretary did not give Full Faith and Credit[2] to a decision of the Industrial Commission of Virginia which determined that claimant had pneumoconiosis.

First, our review of the record does not support the claim that the Administrative Law Judge was biased; there simply are no facts in this case demonstrating abuses similar to those found in *Graver v. Secretary of Health, Education and Welfare*, 405 F.Supp. 631 (E.D.Pa.1975) relied on by the claimant. Claimant received an unbiased hearing.

 Second, although claimant did request that interrogatories be submitted to a physician who reread the relevant X-rays at the sole request of the Administrative Law Judge, we find no denial of a fair hearing in the judge's refusal to grant those interrogatories. The Act and regulations providing for the administration of "black lung" claims do not provide specifically for the granting of interrogatories. Therefore, the determination of when to approve such requests was within the discretion of the Administrative Law Judge, and we perceive no abuse of discretion in his ruling.

Claimant relies on *Phillips v. Mathews*, 412 F.Supp. 238 (W.D.Va.1976), arguing that the denial of a request for interrogatories directed to a re-reading physician deprives a claimant of an opportunity for a fair trial. The court in *Phillips* noted that not only did the Secretary rely heavily on the re-readings, but also that "the interrogatories [which were] presented by plaintiff [raised] many pertinent questions." 412 F.Supp. at 239. In this case, claimant's letter to the Administrative Law Judge raised only the issues of "the number of X-rays they read and various other questions as to other relevant facts." Our review of claimant's request, and of the record as a whole, does not indicate an abuse of discretion by the Administrative Law Judge in denying claimant's requested interrogatories.

 Third and finally, claimant contends that the Secretary refused to give Full Faith and Credit to the finding of the Industrial Commission of Virginia (the "commission") that claimant suffered from pneumoconiosis. Whether or not the Secretary is bound by the decision of the commission involves much more than the bare assertion that the Full Faith and Credit clause applies, for the doctrine of Full Faith and Credit can be used for many purposes. Here, apparently, the claimant advances Full Faith and Credit as a vehicle for applying collateral estoppel.[3] We must therefore review that doctrine and its potential application to this case.

Collateral estoppel has been described as follows:

[W]here the second action between the same parties is upon a different cause or demand . . . the judgment in the prior action operates as an estoppel, not as to the matters which might have been litigated and determined, but "only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. . . ."

---

1. In his brief, claimant also asserts that the failure of the Administrative Law Judge to grant claimant's request for a subpoena denied him a fair hearing. During oral argument, it was admitted that no such request actually was made.

2. Article IV, Section 1 of the United States Constitution provides:

Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

3. Claimant asserts only that the findings of the commission bind the Secretary in his determination of whether claimant has contracted pneumoconiosis, and do not bind the Secretary on the issue of whether the claimant is totally disabled.

*Crowe v. Leeke*, 550 F.2d 184, 187 (4th Cir. 1977), *quoting Commissioner v. Sunnen*, 333 U.S. 591 at 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948). More simply stated, "collateral estoppel 'means . . . that when a (sic) issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit'". *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

Applying these standards, we hold that collateral estoppel does not bind the Secretary to the commission's determination of pneumoconiosis. The same parties defendant were not involved in the two forums nor was there any privity between the parties which would bind the Secretary to the previous adjudication.

We recognize that many courts have taken a more liberal approach to the doctrine of collateral estoppel, as reflected by the district court's opinion in *Eisel v. Columbia Packing Co.*, 181 F.Supp. 298 (D.Mass.1960):

> [W]here a plea of collateral estoppel is raised against a plaintiff who had a full trial in a prior action, the decisive question is not whether there is mutuality of estoppel. Nor is the decisive question whether there is technical privity between the second defendant and the first defendant. Instead of such wooden tests, inquiries should be made as to whether plaintiff had a fair opportunity procedurally, substantively and evidentually to pursue his claim the first time.

181 F.Supp. at 301 *quoted in North Carolina v. Charles Pfizer & Co., Inc.*, 537 F.2d 67, 73 (4th Cir. 1976). Even this more liberal approach presupposes that the party *against whom collateral estoppel is sought to be imposed* also was a party, or in privity with a party, when the issue was first litigated.[4]

---

4. This is a case where the requirements of collateral estoppel are not met, whether the doctrine is used offensively or defensively. *See Windham v. American Brands Inc.*, 565 F.2d 59, at 69 n.30 (4th Cir. 1977).

5. We note that the record in no way indicates that the issues raised on this appeal were raised before the district court. Additionally, claimant conceded during oral argument that the issues relating to a fair hearing were not

 Therefore, we hold that claimant was not denied a fair hearing and that the Secretary was not bound by the determination of the Industrial Commission of Virginia. Accordingly, the judgment of the district court is

AFFIRMED.[5]

---

raised before the Appeals Council. Normally, this court would not entertain an appeal where the record does not indicate that the issues were raised below, but where necessary to reach the correct result, and where the record provides an adequate basis for consideration on the merits, we will review such issues. *Washington Gas Light Co. v. Virginia Electric and Power Co.*, 438 F.2d 248, 249 (4th Cir. 1971).