**Robert SIPPLE, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 77–3132–H.**

United States District Court, S. D. West Virginia, Huntington Division.

Sept. 6, 1978.

Grant F. Crandall, Crandall, Pyles & Crandall, Charleston, W. Va., for plaintiff.

Robert B. King, U. S. Atty., S. D. of W. Va., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

HADEN, District Judge.

This matter is before the Court on motion of the defendant to dismiss. The defendant asserts in his motion that plaintiff failed to commence this action, seeking review of a denial of black lung benefits, within the sixty day limitation period prescribed in 42 U.S.C. § 405(g), § 405(g) being made applicable to black lung claims by the provisions of § 413(b) of the Federal Coal Mine, Health and Safety Act of 1969, as amended. 30 U.S.C. § 923(b).

---

The facts, as established by the record in this case, portray a sequence of events in which it would seem that every conceivable obstacle, including natural disaster, postal ineptitude and bureaucratic rigidity, has combined to frustrate plaintiff's attempt to have an adverse decision of the Secretary reviewed in the district court. After denial of his claim by an administrative law judge in April of 1976, plaintiff timely sought review by the Appeals Council, asking that the Council defer decision for sixty days in order that he might submit a brief in Mr. Sipple's behalf. Subsequently, on June 23, 1976, counsel wrote the Appeals Council stating that he intended to submit additional medical evidence and again asking that a decision be deferred until this evidence could be secured. On July 26, 1976, a member of the Appeals Council acknowledged receipt of this letter, however, the request to defer decision was not mentioned. By letter dated October 13, 1976, the Appeals Council supplied certain x-ray films for re-reading and gave plaintiff's counsel forty-five days in which to have the films reread and interpretations submitted. Thereafter, on November 15, 1976, counsel for plaintiff forwarded interrogatories to the Appeals Council asking that they be answered by physicians who had reread films at the request of the Secretary. On November 23, 1976, plaintiff's counsel again wrote the Appeals Council, stating that he had not yet received the medical report being prepared by his "rereading" physician and requesting an extension of time so that he could submit this report. On December 17, 1976, counsel submitted this medical report to the Appeals Council, pointing out in his cover letter that some of the films relied upon by the Secretary may have been of an individual other than the plaintiff. Without responding in any manner to the interrogatories previously forwarded by counsel,[1] the Appeals Council, on January 3, 1977, found the decision of the administrative law judge

correct and refused review of that decision. Plaintiff was informed that he had sixty days within which to seek review of the decision in the district court. On January 6, 1977, counsel for plaintiff wrote to the Appeals Council, pointing out that its decision was premature since, among other things, no response had been made to the interrogatories previously submitted. In this letter the Appeals Council was asked to reopen the case and to reconsider its previous denial. By letter dated February 16, 1977, plaintiff's counsel repeated the request made by him in the January letter and asked that the Appeals Council extend the time for instituting suit in the district court. On April 5, 1977, the Appeals Council responded to the January and February letters, indicating that it had never received the physician's report with the counsel's cover letter, sent on December 17, 1976, and stating that "with respect to your statements relative to the submission of additional documentation, the Council will carefully consider any further evidence which you may wish to submit and take such further action as may be warranted." This letter indicated, however, that the Council found no basis, at that time, to modify its previous action and that it would grant the prior request for an extension of time for commencing a civil action to and including April 15, 1977.

On April 5, 1977, a flood of disastrous proportions inundated several counties in southern West Virginia, the office of plaintiff's attorney being one of many structures covered by the flood waters. Among other services affected, mail service was interrupted during the flood and counsel for plaintiff was unable to respond to the April 5 letter of the Appeals Council until April 14, 1977. On that date, he wrote the Appeals Council, explained that the flood had prevented his responding earlier and re-

1. Judge Turk views the failure to respond in any manner to such interrogatories as possibly a due process violation and at the very least an unacceptable administrative oversight establishing good cause for remand to the Secretary. *Phillips v. Mathews*, 412 F.Supp. 238 (W.D.Va.

1976). The Secretary did not contend that the interrogatories were improper or irrelevant, nor did he exercise any discretion in the matter—he simply ignored this issue. See, *Artrip v. Califano*, 569 F.2d 1298 (4th Cir. 1978).

quested an extension of sixty days within which to file suit in the district court. The Appeals Council never responded to this request and on June 2, 1977, plaintiff filed this action in the district court.[2]

It is on the basis of these facts that the Secretary contends that the sixty day limitation period for commencing a civil action, contained in 42 U.S.C. § 405(g), precludes plaintiff from maintaining this action. Much has been written concerning the purpose and effect of the sixty day period provided in the statute, however, in light of the Supreme Court's decision in *Weinberger v. Salfi*, 422 U.S. 749, 764, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), in which the Court specifically determined that the sixty day period was merely a statute of limitation and was waivable by the Secretary, this limitation period can no longer be viewed as an absolute bar to jurisdiction in the district court. Noting this characterization of the sixty day period by the Court in *Salfi*, Judge McMillan, in *Funderburk v. Califano*, 432 F.Supp. 657 (W.D.N.C.1977), held that, on the basis of facts almost identical to the facts in the present case, the Secretary had waived the requirement that suit be commenced within sixty days of the final decision of the Secretary.[3] As in the *Funderburk* case, the Appeals Council in this case invited the submission of additional documentation and informed plaintiff that the Council would "carefully consider any further evidence that you may wish to submit and will take such further action as may be warranted." This letter was mailed to plaintiff ten days prior to the date upon which the Secretary now asserts that the limitation period for commencing action in the district court expired. In holding that similar conduct constituted a waiver of the statute of limitation, Judge McMillan, in language which is equally applicable to the facts of this case, held that "the Secretary should not be entitled to assert the statute here where the Appeals Council invited plaintiff to submit additional evidence three days before the time limit for filing suit expired, forcing plaintiff to choose whether to pursue additional administrative channels or to institute a possibly needless civil action. Plaintiff should not be punished for the entirely reasonable decision of his representatives to present their expert factual development and legal analysis to the Appeals Council before pursuing judicial review." By parity of reasoning, the Secretary may not, in view of the representations to counsel for plaintiff by the Appeals Council, now assert that the sixty day limitation period bars plaintiff's action. Accordingly, the Court finds that the Secretary has waived the limitation period, that the plaintiff's suit is timely filed and that the motion to dismiss is without merit.

It is, therefore, ORDERED that the motion of the defendant to dismiss be, and the same is, hereby denied and defendant is directed to answer or otherwise respond to the complaint.

---

**2.** On October 21, 1977, after filing suit in the district court, plaintiff's counsel again wrote the Secretary, explaining the difficulties encountered and requesting an extension of time for instituting suit in the district court. On November 29, 1977, the Secretary responded, stating that the Appeals Council had concluded that the facts did not warrant any change in its previous action and denying the request for an extension. The Appeals Council, of course, can grant extensions "for good cause shown", 20 C.F.R. 410.669(a), and its refusal to grant an extension under the facts of this case appeals to this Court to be both callous and inexplicable.

**3.** As an alternative basis for his decision, the Judge found that the Appeals Council had, in fact, reopened the decision and that the action in that case had actually been commenced within the sixty day period. Based upon the correspondence with the Secretary, a similar argument might be made in this case.