Rosa Lee BRANTLEY, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 79–10–ALB.

United States District Court,
M. D. Georgia,
Albany Division.

Aug. 21, 1979.

---

Clifford L. Jolliff, Georgia Legal Services Program, Albany, Ga., for plaintiff.

D. L. Rampey, Jr., U. S. Atty., S. Elizabeth Conlin, Asst. U. S. Atty., Middle District of Georgia, Macon, Ga., for defendant.

OWENS, District Judge:

Defendant, the Secretary of Health, Education and Welfare, seeks to have dismissed as untimely an appeal brought by the plaintiff to review a final decision of the Secretary pursuant to 42 U.S.C.A. § 405(g).

The Secretary contends that plaintiff failed to commence a civil action in this court within sixty days after the mailing to her of notice of such decision. On August 14, 1978, the Appeals Council affirmed the decision of the administrative law judge (ALJ) denying disability benefits to plaintiff, and plaintiff was notified by certified mail of the decision and of her right to commence a civil action within sixty days. On October 14, 1978, plaintiff made a request to the Appeals Council asking the Council to review plaintiff's file in light of additional evidence. On November 14, 1978 the administrative law judge, after receiving additional evidence, determined that no change was warranted and that the file would not be reopened. On January 18, 1979, a civil action was filed in this court seeking review of the decision.

The sole issue before this court is whether the letter of the administrative law judge informing claimant that the file would not be reopened constitutes the final decision of the Secretary. If so, the request for review was timely filed and plaintiff's action must be allowed to proceed. If not, the request for review must be dismissed as untimely, leaving plaintiff to pursue those administrative remedies available to her.[1] It is the considered opinion of this court that the decision of the Secretary became final when the Appeals Council notified plaintiff of its decision on August 14, 1978. This decision is based upon interpretation of the Code of Federal Regulations. The C.F.R. provides in 20 C.F.R. § 404.957(a) that a decision of the Appeals Council *which is otherwise final may be reopened* within twelve months from the date of the notice of the initial determination to the party to such determination. (Emphasis added). The language, while giving the ALJ or Appeals Council the ability to reopen a case, is discretionary. The administrative review process as outlined in the Code of Federal Regulations does not require a reviewing official to reopen a case such as the one under consideration. The record indicates that neither the ALJ or Appeals Council reopened the case; their only action was to review the request for reopening the file. Therefore the denial of this request to reopen was not a "reopening" or "revision" necessitating a new sixty day statute of limitation for filing action in a civil suit as required by 20 C.F.R. § 404.-962.

Plaintiff argues that this court should follow the decision in *Funderburk v. Califano,* 432 F.Supp. 657 (W.D.N.C.1977). In *Funderburk,* the claimant was denied benefits and submitted additional evidence after the Appeals Council had affirmed the denial of benefits to the claimant at the hearing level. The Council notified the claimant by letter that " . . . modification of action previously taken is not warranted. . .

---

1. 20 C.F.R. § 404.954 provides in part (a): "Any party to a . . . decision of the Appeals Council may petition for an extension of time for filing a request . . . for commencing a civil action in a district court, although the time for filing such action *has passed.*" (Emphasis added).

Accordingly, the administrative law judge's decision dated July 30, 1976 stands as the final decision of the Secretary in this case." (*Funderburk*, at 658). Claimant then filed in U. S. District Court, whereupon the Secretary filed a motion to dismiss. The district court judge held that "[where] the council 'carefully considered' the additional materials submitted" the council did reopen its prior decision. (Id.) The *Funderburk* court implies that its decision would have been to the contrary had the council simply stated its refusal to reopen its prior decision. Without deciding the correctness of the decision in *Funderburk*, we can harmonize *Funderburk* with the case at hand. The letter of the ALJ specifically states that he would not reopen his previous decision of May 12, 1978. The Appeals Council, unlike the Appeals Council in *Funderburk*, never affirmatively sought additional evidence. Therefore, the decision of the ALJ on May 12, 1978 constituted a simple refusal to reopen its prior decision and is not inconsistent with *Funderburk*.

This court likewise finds that this imposes no hardship upon plaintiff. Plaintiff at all times could have sought and still can seek an extension of the sixty-day statute of limitations. Failing that, she could have filed within the statutory time limits in the U. S. District Court, whereupon the court could, on good cause shown, order additional evidence to be taken before the Secretary. 42 U.S.C.A. § 405(g). To uphold plaintiff's claim would in effect allow extension of the statute of limitations which Congress did not anticipate. It could and would lead to hastily filed memoranda used as a device to create jurisdiction in federal district court; a proposition to which this court can not subscribe.

For the above stated reasons, the defendant's motion to dismiss should be and the same is hereby granted.

SO ORDERED, this 20th day of August, 1979.