Ezekiel CARTER, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. 84 C 1144.

United States District Court, N.D. Illinois, E.D.

July 12, 1984.

---

James J. Friedman, Waukegan, Ill., for plaintiff.

Dan K. Webb, U.S. Atty., Michael S. O'Connell, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Ezekiel Carter ("Carter") sues the Secretary of Health and Human Services ("Secretary") under 42 U.S.C. § 405(g) ("Section 405(g)"), seeking judicial review of Secretary's decision denying Carter's application for disability benefits. Secretary has moved alternatively for dismissal or for summary judgment because Carter did not file his complaint within 60 days after Secretary's final decision, as required by Section 405(g). For the reasons stated in this memorandum opinion and order, Secretary's summary judgment motion is granted.[1]

### Facts

Carter applied for disability benefits November 21, 1981. After his application was denied, he requested a hearing before an Administrative Law Judge ("ALJ"). After a November 18, 1982 hearing, the ALJ issued his December 8, 1982 decision denying Carter benefits. Two days later Carter requested review by the Appeals Council. On March 21, 1983 the Appeals Council affirmed the ALJ's decision, rendering it Secretary's final decision.

On August 9, 1983 Carter's newly-retained attorney requested both the Appeals Council and the ALJ to reopen the case and hold a new hearing. On August 22 Carter's attorney asked the Appeals Council to extend the time to file this action. Carter received no response and filed this action February 6, 1984.

On March 23, 1984 the ALJ informed Carter's attorney he was reviewing Carter's file. On May 1 the ALJ's office advised Carter's attorney "they are looking into whether or not they can reopen for new hearing." Carter's attorney responded that was all Carter wanted and this action would be dismissed if one were afforded. Carter's attorney was then asked to send additional medical records and did so the same day. Then on May 10 the ALJ told Carter's attorney he had no jurisdiction to reopen the case because this action was pending.

Carter has consistently maintained he is merely seeking a new hearing with representation by counsel and a chance to present evidence of his mental disability.

---

1. This opinion's recitation of facts, as to which there is no dispute, is drawn from the parties' submissions on the current motion. Though Carter's Complaint itself discloses noncompliance with the 60-day requirement, both parties have tendered materials outside the Complaint for consideration. Of course if Secretary's contention is truly jurisdictional such materials may properly be taken into account for *dismissal* purposes. That however would require a decision (see n. 3 and related text) that need not be made here, as the last section of the text discussion reflects. Hence summary judgment is the most appropriate means of resolution.

Carter also argues his mental disability prevented him from seeking review of Secretary's decision in a timely manner.

### Section 405(g) and Its Application

Section 405(g) provides in relevant part: Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Under Secretary's regulations (1) "mailing" is the date the claimant receives the notice of the Appeals Council's decision and (2) receipt is presumed to have occurred five days after the notice's date unless the claimant makes a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). Thus Carter should have filed this action no later than May 25, 1983 (65 days after March 21, 1983).

Carter essays four means of escape from Section 405(g)'s literal meaning:

1. Secretary's inaction on Carter's requests to reopen the case or extend the filing time is tantamount to denial of those requests. Such denial is an abuse of Secretary's discretion reviewable by this Court.

2. Secretary waived the 60-day time limit by requesting the medical records.

3. Secretary's review of the additional material was in effect a reopening of the case, starting the time clock anew.

4. Carter should not have to comply with the 60-day time limit because his mental illness prevented his compliance.

None of those contentions is supported by the authorities. Each will be addressed in turn.

1. *Reviewability of Secretary's "decision" to deny Carter's requests to reopen and to extend time*

■ Even if it is assumed Secretary's silence was equivalent to a denial, case law teaches denials of requests to reopen are not reviewable under Section 405(g), for they are not "final decision[s] of the Secretary made after a hearing...." *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *Watters v. Harris,* 656 F.2d 234, 238–40 (7th Cir.1980). That rationale also applies to any denial of a request to extend time. See *Watters,* 656 F.2d at 239 n. 10. And Section 405(g) is the only potential basis for judicial review of Secretary's decision to deny benefits. 42 U.S.C. § 405(h); *Sanders,* 430 U.S. at 104–07, 97 S.Ct. at 983–85; *cf. Lopez v. Heckler,* 725 F.2d 1489, 1507–08 (9th Cir.1984) (mandamus may be available to require Secretary to comply with her own procedures, but *not* to review the merits of the decision denying benefits).

Consequently it does Carter no good to make the assumption most favorable to his position: that Secretary's non-response to his lawyer's requests to reopen the case and extend the time for filing was the same as a denial of those requests. This Court would still be without jurisdiction to review those decisions.

2. *Secretary's claimed "waiver" of the time limit*

■ Carter's second argument is in the nature of an estoppel claim: Because the ALJ asked for more evidence, Secretary should be estopped from asserting the 60-day time limit. Carter relies on *Funderburk v. Califano,* 432 F.Supp. 657, 659 (W.D.N.C.1977), where the Appeals Council requested more evidence three days before expiration of the 60-day time limit (forcing the claimant to choose between pursuing further administrative remedies and instituting judicial action).

Estoppel against the government because of its employees' acts is at best a doubtful proposition. See *Heckler v. Community Health Services of Crawford County,* — U.S. —, —, 104 S.Ct. 2218–2223, 81 L.Ed.2d 42 (1984); *id.* at — ———, 104 S.Ct. at 2227–28 (Rehnquist, J., concurring). But even on the most favor-

able assumptions [2] Carter cannot invoke the *Funderburk* precedent. After all the request for new evidence came May 1, 1984 —almost *one year after* the 60-day time period had expired, and *3 months after* this action was already on file. Carter has (unsurprisingly) not even suggested any "reliance" on the ALJ's much-later action as a reason for not having filed within the allowable 60 days that had ended May 25, *1983.*

In fact there is another flaw in Carter's assertion that a request for additional evidence can be a waiver of the time limit. If accepted, that notion would effectively circumvent the established rule discussed in the preceding section: that denial of a request to reopen a case is not a reviewable decision.

### 3. *Secretary's claimed effective reopening of the case*

Carter next argues the ALJ's review of additional evidence was a reopening of the case, so the time for judicial review started to run anew from May 1984. As with his prior contention (see n. 2), Carter reads far more into the facts than they reasonably support. There is nothing at all to suggest the ALJ reviewed the newly-provided medical records at all, as distinct from simply deciding the ALJ "won't be able to reopen case because of pending U.S. District Court Case" (Carter Mem. 3).

To rephrase the matter in terms the cases have dealt with, Carter must demonstrate the ALJ's decision not to reopen the case was based on a reconsideration of the *merits*. *Tolbert v. Secretary of Health and Human Services*, 537 F.Supp. 631, 633 (N.D.Ill.1982); see *Funderburk*, 432

F.Supp. at 658–59. No such showing has been made. This argument too must fail.

### 4. *Tolling the 60-day time period because of Carter's mental disability*

If the 60-day time period is jurisdictional in nature, it would of course not be subject to the principle of equitable tolling in any event. But because the jurisdictional vel non question is the subject of some controversy,[3] this Court will assume arguendo it is *not* jurisdictional and can be waived:

    1. by Secretary (*Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975)) or

    2. by the Court when matters of a constitutional dimension are raised (*Sanders,* 430 U.S. at 108–09, 97 S.Ct. at 985–86; *Lopez,* 725 F.2d at 1505–07.

That however is not enough to save Carter, for he still cannot invoke equitable tolling. Waivers of sovereign immunity are strictly construed. *Sims v. Heckler,* 725 F.2d 1143, 1145 (7th Cir.1984). There is a long line of cases [4] holding mental disability does not toll the limitations period against the federal government (where the limitations statute itself contains no tolling provision). See cases cited in *Bassett v. Sterling Drug, Inc.,* 578 F.Supp. 1244, 1246 (S.D.Ohio 1984). Carter's final contention, like the rest, is unsuccessful.

### *Conclusion*

There is no genuine issue of material fact, and Secretary is entitled to a judgment as a matter of law. This action is dismissed as untimely under Section 405(g).

---

**2.** Carter glosses over the fact the ALJ's request came in the same conversation in which Carter's attorney was told "they are looking into whether or not they can reopen for new hearing" (Carter Mem. 3). In that context Carter can scarcely contend any detrimental reliance on his part—even had any been shown—would have been reasonable.

**3.** Jurisdictional: *Hunt v. Schweiker,* 685 F.2d 121, 123 (4th Cir.1982); *Biron v. Harris,* 668 F.2d 259, 261 (6th Cir.1982). Non-jurisdictional: *Lopez,* 725 F.2d at 1505; *Hatchell v. Heckler,* 708 F.2d 578, 580 n. 1 (11th Cir.1983).

**4.** Most have been under the Federal Tort Claims Act, but the principle here should be no different.