Clara C. BERG (S.S. # 317–44–8749), Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

No. EV 86–135–C.

United States District Court, S.D. Indiana, Evansville Division.

June 1, 1988.

Paul B. Wever, Jr., Evansville, Ind., for plaintiff.

## ORDER

BROOKS, Chief Judge.

This case is before the Court on the Defendant Secretary's Motion to Dismiss the Complaint filed October 20, 1986. Plaintiff has not filed any affidavits or briefs in opposition to the Motion. The Court finds the following facts to be undisputed:

(1) The Plaintiff filed her applications for disability insurance benefits and supplemental security income on November 15, 1984. Thereafter, such applications were denied initially and upon reconsideration, and on March 20, 1985 Plaintiff filed a timely request for hearing.

(2) A hearing was held on June 26, 1985 before an Administrative Law Judge who issued his decision on November 25, 1985 finding that the Plaintiff was not entitled to the benefits sought.

(3) On January 27, 1986 the Plaintiff requested the Appeals Council to review the decision of the Administrative Law Judge.

(4) By notice dated May 2, 1986, the Plaintiff and her attorney were notified that the request for review had been denied. Plaintiff and counsel were further notified that if they desired a review of the decision of the Administrative Law Judge by the United States District Court, section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) and section 1631(c)(3) of the Social Security Act (42 U.S.C. § 1383(c)(3)) provided that such action be commenced within sixty (60) days. Finally, the notice of the Appeals Council advised Plaintiff and counsel that such 60–day period began on the date of receipt of the notice and that the Council would presume that its denial notice had been received within five (5) days after the date appearing thereon unless a reasonable showing to the contrary was made.

(5) No request for an extension of time specified in the Council's notice of May 2, 1986 for beginning a civil action was filed by the Plaintiff or her counsel.

(6) A civil action was filed by the Plaintiff in the United States District Court for the Southern District of Indiana on July 9, 1986.

Therefore, the Plaintiff has filed her suit at least two days later than the limitation period provided under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. Plaintiff has provided the Court no showing that the notice

of denial was not received within the presumed five days after the date of notice. Neither has she came forward with any other reason why the Court should toll the running of the limitations period.

In *Carter v. Heckler*, 588 F.Supp. 87 (1984) the District Court for the Northern District of Illinois discussed the filing requirements under 42 U.S.C. § 405(g) and found the complaint to be untimely filed. The Court held that the complaint must be filed within 65 days of the date of mailing.

The United States Supreme Court has recently considered the 60–day requirement and found it to be a period of limitations. *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). The Court held that the period may be equitably tolled, at least where the equities are "compelling." In this case, however, there are no facts brought forward indicating the period should be extended. Therefore, the Court concludes that Defendant's Motion to Dismiss the complaint is proper and is hereby GRANTED.

IT IS SO ORDERED.