**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GLENDA J. BRIM,
Plaintiff-Appellant,

v.

No. 95-2178

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CA-94-62-2)

Submitted: December 19, 1995

Decided: January 9, 1996

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marilyn L. Allen, Greensboro, North Carolina, for Appellant.
Frank W. Hunger, Assistant Attorney General, Walter C. Holton, Jr.,
United States Attorney, Mack A. Davis, Mary Ann Sloan, Haila N.
Kleinman, Cheryl Nikonovich-Kahn, SOCIAL SECURITY ADMIN-
ISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Glenda J. Brim appeals the district court's order granting summary judgment to the Appellee in her Social Security disability benefits action. Finding no reversible error, we affirm.

Brim filed an application for a period of disability and disability insurance benefits on July 6, 1992, alleging November 30, 1981, as her onset date. Brim later amended her onset date to April 8, 1983. Brim's application was denied initially and upon reconsideration. On February 19, 1993, Administrative Law Judge ("ALJ") Emanuel C. Edwards conducted a hearing. Judge Edwards denied Brim's claim on September 1, 1993. On December 8, 1993, the Appeals Council denied Brim's request for review, making Judge Edwards' decision the final decision of the Commissioner.

Brim filed a complaint for review of the Commissioner's decision in the United States District Court for the Middle District of North Carolina on February 8, 1994. The magistrate judge issued a recommendation affirming the Commissioner on January 20, 1995. Brim objected to the recommendation. Upon de novo review of Brim's objections, the district court adopted the recommendation granting summary judgment to the Commissioner. Brim timely appealed.

Brim was born on August 17, 1944, and was forty-two years old on December 31, 1986, when her insured status expired. Brim alleges disability due to bronchial asthma and fatigue. Brim has a tenth grade education. Brim's past relevant work was as a material handler for General Electric from either 1972, 1973, or 1974 until 1981. Before 1972, Brim was a working supervisor in the finishing department of a sportswear company.

Brim sought treatment for asthma and general respiratory problems for a number of years. Between the alleged onset date of disability

2

(April 8, 1983) and the date her insured status expired (December 31, 1986), Brim sought treatment from Dr. Eugene LeBauer. Brim complained to Dr. LeBauer of respiratory problems such as shortness of breath, wheezing, asthma, and a cough; numbness and tingling in her arms and hands; chest soreness; a pain between her shoulder blades; nervousness; and a head cold. Although Dr. LeBauer prescribed various medications for Brim's respiratory problems, he also noted several times that Brim was "feeling much better," "feeling real good," and "doing well." Brim was also hospitalized for six nights in 1983 and diagnosed with chronic obstructive pulmonary disease with bronchospasm.

Between September 24, 1986, and December 10, 1986, Brim saw Dr. James J. Williams for respiratory problems. During that time, Dr. Williams noted that Brim was "feeling much better," that her asthma was "slowly improving," that Brim was "feeling fairly well," and that her asthma had done "relatively well during the past several months." Brim was hospitalized for two days in August 1986 for an acute exacerbation of chronic asthma. Brim was "feeling fairly well" when she was discharged.

Brim testified at the hearing that she engaged in activities such as cooking one meal per day, loading and unloading the dishwasher, making the beds, grocery shopping once a week, taking out the garbage, volunteering as a driver for Meals on Wheels once a month, going to church about twice a month, serving as president of a woman's club that met once a month, and engaging in exercise that included walking around her house, walking around her pool in waist-deep water, and swimming a lap or two. Brim also attended a ball game and was planning a trip to Hawaii. Brim's medical records also revealed that she returned to work in February 1987 and was still working for an insurance company in November 1988. The transcript does not document that Brim ever reported this work activity.

Upon reviewing the entire record, including Brim's subjective complaints, the ALJ concluded that the medical evidence established that although Brim suffered from a severe combination of impairments, she retained the functional capacity to perform medium level work activities, and was therefore able to return to her former work as a supervisor in a sportswear manufacturing company.

3

We must determine whether the findings of the Commissioner are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). We will affirm the Commissioner's findings if they are supported by sub-stantial evidence. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). Substantial evidence is that evidence which"a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal quotation marks omitted). The ALJ bears the ultimate responsibility for weighing the evidence and resolving its conflicts. Hays, 907 F.2d at 1456.

To establish entitlement to disability insurance benefits, Brim must be found to have been disabled prior to the date her insured status expired. 42 U.S.C.A. §§ 423(a), (c) (West Supp. 1995); 20 C.F.R. §§ 404.101, 404.130, 404.131(a) (1995). Any impairment that began or became disabling after the "critical date" cannot be the basis for a favorable finding of disability. See Roberts v. Schweiker, 667 F.2d 1143, 1144-45 (4th Cir. 1981). Brim's insured status expired on December 31, 1986. Thus, she must prove that she was disabled before that date. In addition, Brim's disability must be found to have continued unabated to within fourteen months of the date she filed her application for benefits. 20 C.F.R. §§ 404.315, 404.320(b)(3), and 404.621(d) (1995). Brim concedes in her brief that she has not alleged that the severity of her respiratory impairments during the period at issue met or equaled the applicable Listing of Impairments.

The ALJ found that Brim had a residual functional capacity to per-form work that did not involve lifting and carrying more than fifty pounds, exposure to excessive dust or fumes, extreme temperatures, or work around dangerous machinery. Thus, Brim's respiratory impairment does impose some limitations on her ability to work. However, her impairment is not disabling. Brim retains the ability to engage in medium work, which requires lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds. If a person can do medium work, she can also do sedentary and light work. 20 C.F.R. § 404.1567(c) (1995). Brim testified that her former job as a working supervisor in the fin-ishing department of a sportswear company involved lifting less than ten pounds, allowed for alternate sitting and standing, and was per-

4

formed in an air-conditioned environment that was not dusty. The ALJ found that Brim could return to this work.

The ALJ correctly found that the fact that Brim sought medical attention on a frequent basis does not mean that she was disabled. In fact, at some of the office visits with Dr. LeBauer, he noted that Brim was "feeling much better," "feeling real good," and "doing well." Dr. Williams noted at times that Brim was "feeling much better," "slowly improving," and "feeling fairly well." In December 1986, the last month of the relevant time period, Dr. Williams wrote that Brim's asthma had done "relatively well during the past several months." None of Brim's treating physicians stated that she was disabled.

Brim challenges the ALJ's finding that her work activity at the sportswear company qualifies as past relevant work because confusion exists as to when she worked at this company. If her work was not within the fifteen-year period prior to the expiration of her insured status, it would not qualify as "past relevant work" under the regulations. See 20 C.F.R. § 404.1565 (1995). Brim has raised this issue for the first time on appeal. Generally, we will not consider an issue which was not raised at the administrative or district court level. Heckler v. Campbell, 461 U.S. 458, 469 n.12 (1983); Artrip v. Califano, 569 F.2d 1298, 1300 n.5 (4th Cir. 1978). Brim failed to demonstrate exceptional circumstances warranting consideration of the issue; thus, this issue is not properly before us.

We find that the ALJ properly evaluated Brim's daily activities and her credibility. We have recognized that daily activities may support the Commissioner's determination that a plaintiff is not disabled. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). "The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (Hall, Circuit Judge, concurring). In this case, the ALJ noted Brim's daily activities and found them to be inconsistent with the extent of the pain and symptoms alleged.

Brim asserts that her daily activities were very limited and that the ALJ unfairly focused on several isolated activities to undermine her credibility. However, the ALJ relied on the various reports of Brim's activities in reaching his overall conclusion that Brim's activities

5

were "illustrative of an individual who was able to carry on a normal lifestyle." Although the ALJ discussed particular activities such as Brim's ability to maintain a household pet and the ability to attend a sports event, these activities were only two of many the ALJ cited in reaching his conclusion that Brim's overall activities were not consistent with an individual who is totally disabled. When the ALJ's decision is read in its entirety, it is clear that the ALJ completely and accurately discussed Brim's activities. The ALJ properly found that Brim's activities, when considered as a whole, are not consistent with the activities of an individual who is totally disabled.

Moreover, two medical reports note that Brim had returned to work as a computer operator for an insurance company two months after her insured status expired. Brim did not volunteer this information to the ALJ, and the record does not reflect that Brim reported this information to any other Social Security Administration employee.

Brim correctly noted in her brief that the ALJ misstated her smoking history and also misstated that there was a lack of testimony regarding side-effects of her medication. However, as the magistrate judge correctly noted, "any errors or omissions that may be contained in the ALJ's decision do not sufficiently infect his decision to call for a remand and reconsideration." The ALJ must make credibility determinations, and these determinations should refer specifically to the evidence supporting them. Hatcher v. Secretary, HHS, 898 F.2d 21, 23 (4th Cir. 1989) (quoting Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985)). In this case, the ALJ gave sufficient reasons, particularly Brim's daily activities, for refusing to credit fully all of her allegations. Because the ALJ had the opportunity to observe demeanor and determine credibility, we give great weight to his observations on these matters. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

Brim's allegations of total disability are not supported by the medical evidence of record. The Commissioner's decision thoroughly explains the rationale by which she determined that Brim could return to her former work and is supported by substantial evidence. Accordingly, we affirm the district court's order granting summary judgment to the Commissioner. We dispense with oral argument because the

6

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7