Yeaton v. SSA                          CV-96-213-B    10/15/96

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Janva S. Yeaton

              v.                          Civil Action No. 96-213-B

Commissioner, Social Security
Administration


## MEMORANDUM AND ORDER

On April 19, 1996, Janva Yeaton filed a complaint

challenging the denial of her claim for disability benefits by

the Social Security Administration's Appeals Council.  The

Commissioner moved to dismiss pursuant to Fed. R. Civ. P.

12(b)(1) and 12(b)(6), asserting that Yeaton failed to file her

complaint in a timely manner.  For the reasons that follow, the

Commissioner's motion is granted.


## I.  FACTS[1]

In February 1995, Yeaton's application for disability

benefits under Title II of the Social Security Act was denied by

---

[1]  The facts recited here are taken from Yeaton's complaint
and her objection to the Commissioner's motion to dismiss.  They
are stated in a light most favorable to her and are assumed to be
true for purposes of this order.

an Administrative Law Judge ("ALJ").  She appealed that decision under 20 C.F.R. § 416.1467, which provides for an appeal of ALJ determinations by the Social Security Administration ("SSA") Appeals Council.

Yeaton's appeal was prepared by a lay representative, Arthur Kaufman.  He filed for Appeals Council review on March 30, 1995 and, at the same time, requested an audiotape of the hearing and copies of all exhibits.  He also requested thirty days leave after receipt of these items to review them and respond.  The SSA's files indicate that on June 15, 1995, the requested materials were mailed to Kaufman.  A cover letter explained that the Council granted the request for an additional thirty days to review those items and provide any additional evidence or arguments Yeaton wished to submit.  Yeaton alleges that neither she nor her representative ever received this letter or the enclosures which the Commissioner asserts were mailed.  She further alleges that Kaufman regularly telephones the SSA to check on the status of pending cases six months after such a request is made and that this practice was followed in this case.

Kaufman took no further action on this case until January 8, 1996, when he received a letter from the SSA ("the January 8 letter") informing him that the Appeals Council had denied

Yeaton's request for review.  That letter stated:  "If you desire a court review of the Administrative Law Judge's decision, you may commence a civil action by filing a complaint in the United States District Court in the judicial district in which you reside within 60 days of the receipt of this letter."  Kaufman immediately wrote back, stating that he had not yet received the requested materials and thirty-day extension.  The SSA replied on January 26 that the requested materials had been sent, as evidenced by an enclosed copy of a June 15, 1995 cover letter.  That January 26 reply also indicated that Yeaton was sent a copy of the June 15 letter.

Kaufman wrote back explaining that neither he nor Yeaton ever received the June 15, 1995 letter. He requested that the Appeals Council reopen the matter and send him another copy of the tape and exhibits.  The SSA responded on February 21, 1996 ("the February 21 letter"), informing Mr. Kaufman that the Council intended to take no further action.  On April 19, 1996, Yeaton initiated this action to appeal the SSA's decision to deny her request for review.

## II.  DISCUSSION

The Commissioner has moved to dismiss this matter on the

grounds that Yeaton failed to file her complaint with this court within the 60 day time period following a final decision required under 42 U.S.C.A. § 405(g) (West Supp. 1996). This provision constitutes a statute of limitations, and not a limit on this court's jurisdiction. Bowen v. City of New York, 476 U.S. 467, 478 (1986). Arguing that the January 8 letter was a final decision, the Commissioner asserts that Yeaton should have filed her complaint by March 9, 1996.

Yeaton argues that the statute should run from receipt of the February 21 letter, wherein the Appeals Council refused Yeaton's request to reopen her case. She reasons that this last letter, and not the decision received on January 8, represents the Commissioner's final determination. To support this argument, Yeaton asserts that the language of the February 21 letter indicates that the Appeals Council rendered its final decision on that day and not earlier. None of the letters from the SSA, however, contain any indication that the Appeals Council ever agreed to reopen the matter or to reconsider the January 8 letter, nor is the language sufficiently ambiguous as to constitute a waiver of the statute of limitations. The February 21 letter merely states, "[s]ince [the missing materials] were previously furnished to you, we do not plan to take any further

action.  If you are dissatisfied with our action, you will need to appeal this matter by filing a complaint in the United States District Court for the judicial district in which you reside."

This case is distinguishable from Funderburk v. Califano, 432 F. Supp. 657 (W.D.N.C. 1977), which Yeaton cites.  In that case, both the language and the timing of the SSA's correspondence resulted in a waiver of the statute by the Secretary.  Funderburk similarly involved the appeal of an ALJ's decision to deny disability benefits where the SSA invited submission of additional evidence in response to claimant's request to reopen his appeal.  This invitation came three days before the statute of limitations ran out.  The SSA considered the new evidence but then let the ALJ's decision stand.  Despite having filed three months late, the court ruled that Funderburk was not barred by the statute of limitations for two reasons:  First, the court decided that the SSA admitted that it had reopened the case by telling the claimant that his additional evidence was reviewed in its decision not to reconsider.  Id. at 659.  Second, the court ruled that the SSA improperly placed the claimant in a position of electing litigation or attempting a second appeal by inviting additional evidence three days before the claimant's filing deadline.  Id. at 659.  See also Sipple v.

Califano, 455 F. Supp. 528, 530 (S.D.W. Va. 1978) (Secretary waived statute of limitations where Appeals Council, after denying black lung benefits to claimant, invited submission of new evidence ten days prior to expiration of the statute of limitations).

In the present case, the Appeals Council did not invite the submission of new evidence and stood by the ALJ's prior determination. Yeaton twice asked to submit new evidence: First after receiving a final determination and second, after the Appeals Council refused to reopen the matter. Had the Appeals Council consented to accept new evidence, then the clock could have been reset in this matter. However, the Council stood by its original decision not to review the ALJ's decision. Thus, the statute of limitations started to run on January 8, 1996, when Yeaton received the Appeals Council's decision rejecting her appeal.

Yeaton next contends that if the Statute of Limitations started to run on January 8, 1996, this court should exercise its equitable power to toll the statute because the continued correspondence between the parties caused confusion as to whether or not the matter had been reopened. The Commissioner counters that Congress provided a sixty-day statute of limitation under

§ 405(g) in order to compress the time for judicial review. Relying upon Banta v. Sullivan, 925 F.2d 343, 345 (9th Cir. 1991), the Commissioner points out that the statute of limitations would be meaningless under § 405(g) if Yeaton could restart the clock merely by sending in a request to reconsider or by submitting new evidence.

Equitable tolling has consistently been held to require that the Commissioner be responsible for causing confusion as to the date of the final determination or obstructing the plaintiff's ability to file a timely complaint. See Bowen, 476 U.S. at 481 (statute equitably tolled where Secretary's secretive conduct prevented plaintiffs from knowing rights were violated); Day v. Shalala, 23 F.3d 1052, 1058 (6th Cir. 1994) (refusing to apply equitable tolling doctrine where delay was not the result of the Commissioner's "secretive or clandestine" policy); Banta, 925 F.2d at 345-346, (statute not equitably tolled where, twenty-five days after denying her request to reconsider, Secretary wrote claimant to inform her that supplemental material sent to Appeals Council before final decision was made was not grounds to reopen final decision); Bailey v. Sullivan, 885 F.2d 52, 63-64 (3d Cir. 1989) (equitable tolling is appropriate only when governmental conduct prevents claimant from recognizing claim). Here, Yeaton

asked for reconsideration instead of paying heed to the Appeals Council's January 8 letter which informed her she had sixty days to file a complaint. As noted above, the Appeals Council never indicated that the case was reopened or would be reconsidered and never invited Yeaton to submit additional evidence.

Yeaton's failure to file her complaint on time is neither attributable to another party nor causally connected to an event outside the control of either party. Therefore, the doctrine of equitable tolling is inappropriate here. Additionally, since no act of the Commissioner precluded Yeaton from filing with this court. Yeaton's argument that the circumstances surrounding this case deprived her of her constitutional right to due process is without merit.

## III. CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss (document no. 6) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

October 15, 1996

cc: Bruce E. Friedman, Esq.
    David L. Broderick, Esq.