**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD PARKER,
Plaintiff-Appellant,

v.

No. 96-1051

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Cameron McGowan Currie, District Judge.
(CA-93-2734-2-1AJ)

Submitted: December 19, 1996

Decided: January 3, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Anne Margaret Miles, SUGGS & KELLY, LAWYERS, P.A., Colum-
bia, South Carolina, for Appellant. J. Preston Strom, Jr., United States
Attorney, Wistar D. Stuckey, Assistant United States Attorney, Arthur
J. Fried, General Counsel, Randolph W. Gaines, Acting Principal
Deputy General Counsel, A. George Lowe, Acting Associate General
Counsel, Douglas Cohen, Office of the General Counsel, SOCIAL

SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Parker filed a claim with the Social Security Administration in May and June 1990 for disability insurance benefits and supplemental security income benefits, alleging disability commencing March 8, 1990, as a result of seizures, severe headaches, and mental impairment. After denial of his claim initially and on reconsideration, Parker requested a hearing before an Administrative Law Judge (ALJ). The ALJ concluded that Parker was not disabled, finding that although he had a severe seizure disorder well-controlled by medication, a low intelligence quotient score, and could not return to past relevant work, he also had the residual functional capacity to perform light work. The ALJ limited the type of light work Parker could perform by requiring that the work be an unskilled, entry level, routine, and repetitive job that did not expose him to dangerous or hazardous conditions or to highly stressful situations. The Appeals Council denied Parker's request for review. The ALJ's decision then became the Secretary's final decision.

Parker filed a complaint in the district court challenging the final decision of the Secretary. The magistrate judge recommended affirming the Secretary's denial of benefits. After conducting a de novo review of the record, the district court adopted the magistrate judge's recommendation and affirmed the Secretary's decision. This appeal followed.

We review the Secretary's final decision to determine whether it is supported by substantial evidence and whether the correct law was

2

applied. 42 U.S.C.A. § 405(g) (West Supp. 1996); D'Accardi v. Chater, 96 F.3d 97, 99 (4th Cir. 1996); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Parker claims that substantial evidence does not support the ALJ's findings because the ALJ failed to give proper weight to the opinions of two doctors and failed to adequately consider the combined effects of Parker's impairments. However, the ALJ gave specific reasons for the determination, and we will not disturb it. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). The ALJ made a thorough evaluation of the evidence, and we conclude that the Secretary's decision is supported by substantial evidence and was based on the correct legal standards.

Parker also challenges the ALJ's finding that he retained the residual functional capacity to perform a significant number of jobs. Parker has raised this issue for the first time on appeal. Generally, we will not consider an issue which was not raised at the administrative or district court level. Heckler v. Campbell, 461 U.S. 458, 469 n.12 (1983); Artrip v. Califano, 569 F.2d 1298, 1300 n.5 (4th Cir. 1978). Parker failed to demonstrate exceptional circumstances warranting consideration of this issue; thus, the issue is not properly before us.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3