**Emil EISEL**

v.

**COLUMBIA PACKING COMPANY et al.**

**Civ. A. No. 58-1061.**

United States District Court
D. Massachusetts.

Feb. 25, 1960.

Withington, Cross, Park & McCann, Philip M. Cronin, Boston, Mass., Mangan & Mangan, New Britain, Conn., for plaintiff.

Sloane & Walsh, C. W. Sloane, Carl G. Bergstedt, Boston, Mass., for defendants.

WYZANSKI, District Judge.

In this diversity jurisdiction case the question is whether under the law of Massachusetts the manufacturer of an alleged defective product when sued by the ultimate consumer complaining of injuries he says were caused by that product has the benefit of a judgment theretofore rendered in an action by the customer against the retailer wherein it was determined that the customer's injuries were not caused by the product.

Plaintiff is a citizen of Connecticut. Defendant is a Massachusetts corporation which packages hams and sells them to a Connecticut retailer. Plaintiff's representative bought one of defendant's hams from the Connecticut retailer; plaintiff ate the ham; and a few days later he was sick. Suing both the retailer and the packer in the Connecticut state court, plaintiff claimed that he had been injured by a defect in the ham. The packer alleged it was not properly served. Without waiting to have this plea in abatement determined, plaintiff elected to proceed against the retailer. The Connecticut court, finding that the ham did not cause the injury, entered judgment for the retailer. Plaintiff now seeks to recover from the packing company on a complaint alleging that he has injuries caused by eating the identical ham. The defendant packing company has moved for judgment on the ground that, under the doctrines of *res judicata*, plaintiff is collaterally estopped by the adjudication made in the action he brought against the retailer.

This being a diversity jurisdiction case, the substantive rules of collateral estoppel are governed by the law of Massachusetts. So far as is revealed by research of counsel and the Court, there is no square ruling by the Massachusetts courts which governs this case, but there are lines of authority which lead in different directions.

In Massachusetts the classic authority is Old Dominion Copper Mining & Smelting Co. v. Bigelow, 203 Mass. 159, 89 N.E. 193, 40 L.R.A.,N.S., 314 affirmed in Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009. In that litigation the question was whether a stockholder who had lost a suit in New York for alleged breach of fiduciary duty by one of two corporate promoters acting jointly was estopped by findings made in the New York judgment when he later brought suit in Massachusetts against the other promoter. The Massachusetts court held that one of several joint tortfeasors cannot plead a judgment in favor of his joint tortfeasor against a plaintiff claiming to be injured by their joint act as an estoppel in a suit by the same plaintiff against him. 203 Mass. at page 216, 89 N.E. at page 218. "The reason * * * is that there can be no estoppel arising out of a judgment, unless the same parties have had their day in court touching the matter litigated, and unless the judgment is equally available to both parties * * * There is no privity between joint wrongdoers, because all are jointly and severally liable." 203 Mass. at page 217, 89 N.E. at page 218. "[A] party has a right to try his case against everybody who has done him a wrong by immediate and direct culpable action. He is not precluded by a failure against one alleged joint wrongdoer from attempting to pursue another. He is entitled to his day in court against a particular adversary." 203 Mass. at page 219, 89 N.E. at page 219. The state court, therefore, concluded that no effect had to be given to the New York judgment. The Supreme Court of the United States agreed that the full faith and credit clause of the Constitution, art. 4, § 1, did not require Massachusetts to treat the New York judgment as a

basis for collateral estoppel. In reaching this conclusion, the Supreme Court stated that "the sounder reason, as well as the weight of authority, is that the failure to recover against one of two joint tort feasors is not a bar to a suit against the other upon the same facts." 225 U.S. at page 129, 32 S.Ct. at page 643.

The reasoning in Bigelow, while addressed to a situation where plaintiff sued in succession two joint tortfeasors, would logically apply to the situation in the case at bar where plaintiff sued in succession two persons who acted independently in inflicting upon him the same injury, even though the defendant first sued had a right of indemnification over against the second defendant. This logical application is indeed made in Restatement, Judgments, § 96(2). The comment to § 96(2) at p. 482 explains that "Where an action is brought first against the one secondarily liable there is ordinarily no reason for an exception to the ordinary rules of mutuality and hence, since it is clear that the person primarily liable should not be bound by an action in which he does not participate and in which he is not represented, there is ordinarily no reason for binding the unsuccessful claimant in the subsequent action." And Professor W. A. Seavey, one of the A.L.I. reporters for the Judgment Restatement, adds in a note in 57 Harv.L.Rev. 98, 105 that another reason for the rule is that general "principles would seem to require that a party to an action should risk the loss of rights on the creation of liabilities only with reference to his adversaries, except in the rare case where the limitation would adversely affect relations between the adversary and a third party."

Adoption of the reasoning of the Restatement and of Professor Seavey would result in a denial of defendant's motions, as is plain from the following illustrative case given at p. 495 of the Restatement: "where a person negligently puts into the hands of another a dangerous instrument, a judgment in favor of the other by a person injured thereby does not necessarily bar an action against the supplier of the instrument."

Yet there are grounds to believe that the Massachusetts court would not accept the Restatement's denial of the effect of *res judicata* to a judgment against the indemnitee in a subsequent action by the injured person against the indemnitor.

The cases in Massachusetts nearest in point hold that if an injured person sues a master and the judgment is in favor of the master on the ground that the servant was not negligent, then the servant may rely on that judgment when the injured person sues him. Giedrewicz v. Donovan, 277 Mass. 563, 179 N.E. 246, Silva v. Brown, 319 Mass. 466, 469, 66 N.E.2d 349. This result is squarely in conflict with illustration 9 on pages 482 and 483 of the Restatement. Moreover, in footnote 13 of 57 Harv.L.Rev. 98, 104, Professor Seavey recognizes that the Giedrewicz case has a thrust beyond the servant and master situation. It is hostile to his view and is one of many cases supporting the proposition that "where judgment in a tort action is rendered in favor of the person secondarily liable, the claimant is barred from an action against the indemnitor".

From the Giedrewicz and Silva cases this Court infers that Massachusetts is hospitable to the growing tendency to extend the doctrine of collateral estoppel in cases where it is sought to use a prior judgment defensively against the plaintiff. See Bruszewski v. United States, 3 Cir., 181 F.2d 419; Adriaanse v. United States, 2 Cir., 184 F.2d 968; E. I. Du Pont de Nemours & Co. v. Richmond Guano Co., 4 Cir., 297 F. 580, 583; Israel v. Wood Dolson Co., 1 N.Y.2d 116, 119, 151 N.Y.S.2d 1, 134 N.E.2d 97; Notes 65 Harv.L.Rev. 818, 862–864, 64 Harv.L.Rev. 509, 57 Harv.L.Rev. 98, 104 note 23, Note 91 U. of Pa.L.Rev. 467, 470; Comment 35 Yale L.J. 607; Polasky, Collateral Estoppel—Effects of Prior Litigation, 39 Iowa L.Rev. 217, 246–249.

While none of the cases just cited determines Massachusetts law, they would

be more than ordinarily persuasive in Massachusetts because of the care with which earlier authorities are analyzed, the perceptiveness of the reasoning, and the eminence of Hastie, C. J., Goodrich, C. J., A. N. Hand, C. J., Soper, C. J., Groner, D. J., and Conway, Ch. J. who were the authors of the opinions rendered. All of these cases recognize (and indeed Professor Seavey in 57 Harv.L. Rev. 98, 105 also recognizes) that where a plea of collateral estoppel is raised against a plaintiff who had a full trial in a prior action, the decisive question is not whether there is mutuality of estoppel. Nor is the decisive question whether there is technical privity between the second defendant and the first defendant. Instead of such wooden tests, inquiries should be made as to whether plaintiff had a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time. And, many courts also believe it is appropriate to inquire whether the second defendant has such a factual relationship to the first defendant that it is equitable to plaintiff to give the second defendant the benefit of the first defendant's victory.

■ In the case at bar there is nothing inequitable in defendant invoking the doctrine of collateral estoppel. The plaintiff chose to proceed in Connecticut. He chose to go to trial there without waiting to find out whether he could effectively join in the same suit the indemnitor and the indemnitee. Plaintiff foresaw that, whether he sought to hold the indemnitor or the indemnitee, he would have the burden of proving that his injury was caused by the ham. On that issue he had all the relevant evidence. He has had his day in court on the issue in a forum of his own choosing and against a party of his own choosing who was closely related to the present defendant.

■■ While one of the strongest policies in the law is that every man shall have an opportunity to be heard, there is no persuasive public policy for allowing him a second opportunity when he seeks to raise on the second occasion an issue which arose in substantially the same context on the first occasion, when that issue was fully tried, and when, if plaintiff had succeeded on his first effort, the first defendant would have had a right of indemnification against the second defendant. As Chief Judge Conway said in Israel v. Wood Dolson Co., 1 N.Y. 2d 116, 119–120, 151 N.Y.S.2d 1, 4, 134 N.E.2d 97, 99: "In cases involving the relationship of principal and agent, master and servant, or indemnitor and indemnitee, the liability of more than one party turns on, or is dependent upon, identical issues. In such situations when the complaining party has been given a full opportunity to litigate those issues against one of the parties, and has been defeated on grounds other than a personal defense, he is not permitted to relitigate the same issue in a new action against the other. The unilateral character of the estoppel in such cases is warranted by the policy of the doctrine of *res judicata*—that there be an end to litigation."

Motion for summary judgment granted.