CHRISTOPHER A. MEYER, an Infant, by his Parent and Natural Guardian ALLEN L. MEYER, et al., Appellants, *v.* GEHL COMPANY, Respondent.

Third Department, November 8, 1973.

*Julien, Blitz & Schlesinger (Alfred S. Julien* and *Helen B. Stoller* of counsel), for appellants.

*Keniry & Keniry (Patrick J. Keniry* of counsel), for respondent.

STALEY, JR., J. P. This is an appeal (1) from an order of the Supreme Court at Special Term, entered September 12, 1972 in Saratoga County, which granted a motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

On September 19, 1969, the infant plaintiff, six years old, was seriously injured when he climbed upon the rear part of a hay unloader wagon which was being operated by his father at the farm of a neighbor who was the owner of the unloader wagon. Defendant was the manufacturer of the unloader wagon.

Plaintiffs allege in their complaint that the defendant had or should have had knowledge " of the defective condition of the aforesaid machine and said defective condition was latent." In support of the plaintiffs' contention that the condition was latent, it is stated in the bill of particulars that: " 5. The dangers or perils of said parts were latent to the infant herein due to his age, knowledge and experience. While the major portions of the machine were open, exposed and without guards, the dangers and perils of same to infants and more particularly to this infant were unknown, latent and not obvious."

The affidavit of plaintiffs' attorney, upon the motion, stated that the machine's defective and faulty design, and the failure to provide safeguards constituted liability as regards the infant plaintiff. " It must be emphasized that in this action we are dealing with a six-year old infant and to him, and others similarly situated, the danger or peril for the lack of protective devices would not be obvious."

The main issue presented is whether a manufacturer of a machine dangerous because of the way in which it functions, which dangerous condition is patent to the user of such machine,

becomes liable to an infant nonuser on the theory that, by reason of his age, that which is patent to an adult becomes latent to the infant.

In the leading case of *Campo* v. *Scofield* (301 N. Y. 468), plaintiff was injured while engaged in feeding onions into an onion topping machine when his hands became caught in its revolving steel rollers. He brought an action in negligence alleging that the manufacturer of the machine had been negligent in failing to equip it with a guard or stopping device. The Court of Appeals affirmed a judgment dismissing the complaint stating (p. 471): "The cases establish that the manufacturer of a machine or any other article, dangerous because of the way in which it functions, and patently so. [*sic*] owes to those who use it a duty merely to make it free from latent defects and concealed dangers. Accordingly, if a remote user sues a manufacturer of an article for injuries suffered, he must allege and prove the existence of a latent defect or a danger not known to plaintiff or other users. * * *

"If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands." (p. 472.)

And further in the opinion, the court stated (p. 473): "And Professor Bohlen in his work on Torts, after noting 'the impolicy of requiring the manufacturer to make so perfect a machine as to be incapable of injurious misuse', goes on to say (*op. cit.*, p. 126): 'As to this there can be no two opinions, but there is no need to invoke public policy to afford this protection. The manufacturer cannot be required to contemplate a misuse by any careless, ignorant, or incompetent person into whose hands the machine may come; injury through the medium of such an agency is neither a probable nor natural result of anything done or left undone by the maker'."

In the instant case, the foreseeability of the possible contact between the unloader wagon and a six-year-old is beyond the requirements of the law so as to impose liability on the manufacturer. If, as the above quote from the *Campo* case indicates, that a manufacturer is not required to contemplate a misuse by a "careless, ignorant, or incompetent person", such manufacturer should not be held liable when the failure to avoid injury is the act of an infant. We hold that infancy alone cannot change a defect or dangerous condition which is patent into a condition

of latency so as to impose liability on the maker. (Cf. *Inman* v. *Binghamton Housing Auth.*, 3 N Y 2d 137.)

In the *Inman* v. *Binghamton Housing Auth.* case (*supra*), a two-year-old child fell off a stoop, a built-up area at the rear entranceway to the apartment where he lived, one step above the concrete pavement, and was injured. Plaintiff sued the architect and builder alleging that the former, in designing and planning, and the latter, in proceeding with the construction, created a "hazardous and extremely dangerous condition in the stoop area, well-knowing that * * * [it] would be used by infant children." (p. 143). The Court of Appeals held that the plaintiff's complaint against the architects and the builder was without legal basis, and was properly dismissed at Special Term, stating (p. 146) : " In short, in the present case, we have nothing that is related to, or stems from, the existence of a latent fault or hidden danger in either design or construction. The complaint reveals a one-step stoop, two steps high along a part of its length, with no railing or other protective device around it, from which an apparently unattended child fell. Whatever the defect, it may not be said to have been latent, and, whatever the danger, it certainly was not hidden."

The holding in the *Inman* case applied to a two-year-old infant equally applies to the present case involving a six-year-old infant.

Plaintiffs further contend that their cause of action for implied warranty should not have been dismissed. The requirement of privity of contract between the manufacturer of the product and the plaintiff is no longer a rigid requirement for an action for implied warranty and, under certain circumstances, a nonuser of a manufactured product has recovered for injuries caused by a defect in the manufactured product. There is no evidence here that the unloader wagon was not properly manufactured. Since there is no proof that the infant's injury was the result of a defect in the manufactured product, Special Term properly dismissed the complaint.

The order and judgment should be affirmed, without costs.

GREENBLOTT, SWEENEY, KANE and MAIN, JJ., concur.

Order and judgment affirmed, without costs.