328 So.2d 244 (1976)
Everett BILLMAN, Appellant (Plaintiff),
v.
NOVA PRODUCTS, INC., a Corporation, Appellee (Defendant-Manufacturer).
No. Y-325.
District Court of Appeal of Florida, First District.
March 10, 1976.
*245 David R. Lewis, of Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for appellant.
E. Robert Williams, of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellee.
MILLS, Judge.
The plaintiff appeals from a final summary judgment rendered in favor of the defendant-manufacturer in a products liability suit which was based on the breach of an implied warranty. The primary issue before us is whether the plaintiff is precluded from pursuing this suit because a judgment was rendered in his favor in a prior suit that he brought against the retailer, which was based on the same issues, and in which the manufacturer actively participated as a third party defendant.
In his earlier suit against the retailer, the plaintiff alleged that the retailer breached its implied warranty to him when it sold to him a defective boat winch rope and hook which caused an injury to his left hand. By a third party suit, the retailer sought indemnification from the manufacturer. The manufacturer answered the retailer's third party complaint and affirmatively alleged that the plaintiff was negligent in his use of the rope and hook which either barred or reduced proportionately his damages. Thereafter, the plaintiff propounded interrogatories to the manufacturer, directed a motion to produce to the manufacturer, and filed a motion for summary judgment against the manufacturer, all of which were actively pursued. In addition, the manufacturer actively participated in the defense of the suit. The trial court directed a verdict in favor of the retailer in its third party suit for indemnification, and the jury returned a verdict of $26,000.00 in favor of the plaintiff in his suit against the retailer. The trial court rendered a judgment for plaintiff in the amount of $26,000.00, and rendered a judgment for the retailer in the same amount. The plaintiff appealed his judgment to this *246 court, and the manufacturer actively participated in the appeal. The judgment was affirmed. Billman v. National Merchandise Co., 311 So.2d 403 (Fla.App. 1st, 1975).
Following the above action, the plaintiff refused to accept satisfaction of his judgment against the retailer, and sued the manufacturer. This suit was based on the same theory, raised the same issues, and sought the same damages for the same injuries as his suit against the retailer. The manufacturer answered and affirmatively pled that the plaintiff was precluded from maintaining the suit against it, because the judgment rendered for plaintiff in his suit against the retailer finally determined all of the issues raised in the suit against it. The trial court agreed and rendered summary judgment for the manufacturer.
In cases involving the relationship of indemnitor and indemnitee, liability of more than one party is dependent upon identical issues. In such situations, when the complaining party has a full opportunity to litigate those issues against one of the parties, and has obtained a favorable judgment, he is not permitted to relitigate the same issues in a new action against the other party. He has had his day in court on the issues, and against the party of his choosing who was closely related to the other party. Under the doctrine of collateral estoppel, he is precluded from relitigating the same issues. There must be an end to litigation. Eisel v. Columbia Packing Co., 181 F. Supp. 298 (D.Mass., 1960).
The plaintiff contends that the retailer and manufacturer are joint tortfeasors, and because he has not satisfied his judgment against the retailer, he may pursue his claim against the manufacturer. This contention is without merit, because the retailer and manufacturer are not joint tortfeasors. Phillips v. Hall, 297 So.2d 136 (Fla.App. 1st, 1974).
We affirm the final summary judgment.
BOYER, C.J., and McCORD, J., concur.