■ CHRISTOPHER A. MEYER, an Infant, by ALLEN L. MEYER, His Parent, Appellant, v FRED W. DROMS, Doing Business as Droms Tractor & Implements Co., Defendant and Third-Party Plaintiff-Respondent. GEHL COMPANY et al., Third-Party Defendants-Respondents.—Appeal from an order of the Supreme Court at Special Term, entered March 10, 1978 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint. In 1971 plaintiff commenced an action against Gehl Company (Gehl), the manufacturer of a hay unloader wagon, to recover damages for personal injuries he sustained when he came in contact with the wagon when he was six years old. He alleged causes of action in negligence, breach of warranty, strict products liability and unspecified statutory violations, contending that Gehl was negligent in the design and manufacture of the wagon; that the wagon failed to contain adequate warnings; that it was inadequately tested; and that Gehl failed to give proper instructions in connection with the wagon's use. Gehl's motion for summary judgment dismissing the complaint was granted, and this court and the Court of Appeals affirmed *(Meyer v Gehl Co.,* 42 AD2d 461, affd 36 NY2d 760). Relying on *Campo v Scofield* (301 NY 468), then the leading case on the patent-danger doctrine, this court held that "infancy alone cannot

change a defect or dangerous condition which is patent into a condition of latency so as to impose liability on the maker" (42 AD2d, *supra,* pp 463-464). The Court of Appeals thereafter repudiated the patent-latent doctrine espoused in *Campo,* holding in *Micallef v Miehle Co., Div. of Miehle-Goss Dexter* (39 NY2d 376), that the patent-danger doctrine does not in and of itself prevent a plaintiff from establishing his case but is merely a factor to be considered (pp 385-387). In apparent reliance upon the change of law announced in *Micallef,* plaintiff in 1976 commenced this action, this time against the distributor of the wagon, Fred W. Droms, who then impleaded Gehl and the wagon's owner, Erwin Mosher. The complaint again asserted causes of actions for negligence, breach of warranty, strict liability and violations of unspecified statutes and it alleged that the wagon had been negligently manufactured, contained inadequate warnings and instructions, and was inadequately tested prior to sale. Special Term held that under *res judicata,* the dismissal of plaintiff's prior action barred this action and, accordingly, it granted summary judgment dismissing the complaint. It is from that order that this appeal is taken. In our view, affirmance is required under the doctrine of collateral estoppel. In order to invoke the doctrine, "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). This implements "the sound principle that, where it can be fairly said that a party has had a full opportunity to litigate a particular issue, he cannot reasonably demand a second one" *(Schwartz v Public Administrator of County of Bronx, supra,* p 69). In the case at bar, plaintiff has alleged virtually the same causes of action which he had asserted in the prior action, and as noted, this court and the Court of Appeals affirmed the dismissal of the prior action. Plaintiff's attempt to relitigate the same issue albeit against a different defendant, must be rejected. That the defendant herein was not a party to the prior action does not preclude him from raising the defense of collateral estoppel. The defense may be asserted by a stranger to the prior action provided that the party against whom it is being used had a full opportunity to litigate the particular issue *(Schwartz v Public Administrator of County of Bronx, supra; DeWitt, Inc. v Hall,* 19 NY2d 141). Plaintiff not only had that opportunity in the prior action, but also took full advantage of it by pursuing the matter to the Court of Appeals. Next, it is settled that a change of decisional law following a prior action does not disturb the binding effect of the prior action *(Matter of Gowan v Tully,* 45 NY2d 32, 36; *Slater v American Min. Spirits Co.,* 33 NY2d 443, 447). Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.