# Third District Court of Appeal

## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D23-1310
Lower Tribunal No. 12-42957

————————

**Capital Building LLC, et al.,**
Appellants,

vs.

**Fortune Ocean, LLLP, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Marcus Law Center, LLC, and Nicholas M. Vicente and Alan K. Marcus, for appellants.

Coffey Burlington, P.L., and Susan E. Raffanello and Scott A. Hiaasen, for appellees.

Before EMAS, SCALES, and BOKOR, JJ.

PER CURIAM.

Affirmed. See Fernandez v. Cruz, 341 So. 3d 410, 414 (Fla. 3d DCA 2022) ("[T]he term ''parties' has been broadly interpreted to include more than just record parties – so that, for example, a person in privity with a record party, as well as a person who controls for his own interest a record party, may invoke the doctrine of res judicata or collateral estoppel.' . . . [O]ne party may be said to be a privy of another where the right to recover is dependent upon the right of recovery of the plaintiff in the prior action." (quoting West v. Kawasaki Motors Mfg. Corp., U.S.A., 595 So. 2d 92, 94 (Fla. 3d DCA 1992))); Pearce v. Sandler, 219 So. 3d 961, 967 (Fla. 3d DCA 2017) ("[T]he doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case."); Nat'l Auto Serv. Ctrs., Inc. v. F/R 550, LLC, 192 So. 3d 498, 512 (Fla. 2d DCA 2016) ("[S]ection 726.110(1) does not provide for separate periods of limitations and repose. It extinguishes all causes of action as to which suit is not commenced within four years of the transfer and provides a carve-out for a limited class of claims brought later. Section 726.110(1) is a statute of repose in its entirety. . . . Based on the long-standing recognition that statutes of repose create an absolute bar to untimely actions and the specific language of section 726.110(1), we hold that it is not subject to an assertion of equitable estoppel.").