# Third District Court of Appeal

## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1486
Lower Tribunal No. 19-2611
_____


**Neiman Nix, et al.,**
Appellants,

vs.

**The Office of the Commissioner of Baseball, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Tympanick Law, P.A., and Matthew F. Tympanick (Sarasota), for appellants.

Kobre & Kim LLP, and Adriana Riviere-Badell, for appellees.


Before EMAS, MILLER and BOKOR, JJ.

BOKOR, J.

Appellants Neiman Nix, a former professional baseball player, and his sports supplement company, DNA Sports Performance Lab, Inc., appeal the trial court's grant of summary judgment on their claims against the Major League Baseball association (MLB) and affiliated entities for invasion of privacy, misappropriation of trade secrets, and aiding and abetting a tortfeasor. Because the trial court correctly found that these same claims have already been resolved on the merits in other cases and were thus barred by res judicata, we affirm.

The underlying action follows at least seven other lawsuits dating back to 2014, each founded on the same alleged facts.[1] In each of these actions, Appellants claimed that agents of the MLB hacked or illegally accessed their online banking and social media accounts in order to steal personal data and

---

[1] See Nix v. Major League Baseball, 190 So. 3d 79 (Fla. 3d DCA 2015) (affirming voluntary dismissal); Nix v. Office of the Comm'r of Baseball, No. 16-cv-5604 (ALC) (S.D.N.Y. Jul. 14, 2016) (voluntarily dismissed); Nix v. Office of the Comm'r of Baseball, No. 17-cv-1241 (RJS), 2017 WL 2889503 (S.D.N.Y. Jul. 6, 2017) (dismissing federal claim with prejudice and remanding other claims to state court); Nix v. Baseball, No. 159953/2016, 2018 WL 2739433 (N.Y. Sup. Ct. Jun. 7, 2018) (dismissing due to res judicata), sanctions granted, 2018 WL 6838756 (N.Y. Sup. Ct. Dec. 31, 2018); DNA Sports Performance Lab, Inc. v. Major League Baseball, No. C 20-00546 WHA, 2022 WL 1092493 (N.D. Cal. Apr. 12, 2022) (declaring Nix a vexatious litigant following repeated dismissals and awarding sanctions); Nix v. Major League Baseball, 62 F.4th 920 (5th Cir. 2023) (declaring Nix a vexatious litigant and restricting access to entire Fifth Circuit); Nix v. Luhnow, 397 So. 3d 694 (Fla. 4th DCA 2024) (affirming after voluntary dismissal of RICO and trade secrets claims).

trade secret information and interfere with their business, allegedly as part of a "black op" against prohibited substance use in professional baseball.

The trial court here initially granted judgment on the pleadings, finding that allegations in the pleadings from the prior actions demonstrated that the claims were barred by the statute of limitations. We reversed and remanded in 2022 on the limited ground that the trial court could not base its factual findings on unverified copies of the records from the prior cases where the court had not taken judicial notice of those records, and the parties had not stipulated to their authenticity. See Nix v. Office of the Comm'r of Baseball, 346 So. 3d 685, 686 (Fla. 3d DCA 2022). The trial court subsequently took judicial notice of such records and granted summary judgment in favor of the MLB, this time on both statute of limitations and res judicata grounds.

On this latest appeal, Appellants primarily argue that the trial court could not find their claims barred by res judicata because the facts and parties of the instant action differ from the prior ones, namely in the respect that Appellants have now identified Ricardo Burnham as the alleged MLB operative who purportedly stole their account passwords (by impersonating a police officer) and named Burnham as an individual defendant. However, as the trial court correctly found, this alone does not make the instant case distinguishable from the prior ones for res judicata purposes. "[A] judgment

3

rendered by a court of competent jurisdiction, on the merits, is a bar to any future suit between the same parties or their privies upon the same cause of action, so long as it remains unreversed." McGregor v. Provident Tr. Co. of Phila., 162 So. 323, 327 (Fla. 1935). Four elements must be met for a lawsuit to be barred: "(1) identity of thing sued for, (2) identity of the cause of action, (3) identity of the persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made." Chavez v. Tower Hill Signature Ins. Co., 278 So. 3d 231, 236 (Fla. 3d DCA 2019) (quotation omitted). Except in limited circumstances not present here, a dismissal of an action operates as an adjudication on the merits for res judicata purposes. See Allie v. Ionata, 503 So. 2d 1237, 1242 (Fla. 1987) ("Unless otherwise specifically exempted, a dismissal constitutes an adjudication on the merits.").

Identity of parties for res judicata purposes "has been broadly interpreted to include more than just record parties—so that, for example, a person in privity with a record party, as well as a person who controls for his own interest a record party, may invoke the doctrine of res judicata." West v. Kawasaki Motors Mfg. Corp., U.S.A., 595 So. 2d 92, 94 (Fla. 3d DCA 1992) (finding that res judicata barred products-liability claims against motorcycle manufacturer where plaintiffs previously received adverse judgment in

4

claims against distributor). Because the complaint here directly asserts that Mr. Burnham and the other individual defendants named in this action were employees of the MLB and acting on its behalf, we agree that the parties are identical to the dismissed prior actions. See Nix v. Baseball, No. 159953/2016, 2018 WL 2739433 (N.Y. Sup. Ct. Jun. 7, 2018); DNA Sports Performance Lab, Inc. v. Major League Baseball, No. C 20-00546 WHA, 2020 WL 6290374 (N.D. Cal. Oct. 27, 2020).

We also agree that the claims here arise from an identical factual background predicated on the MLB's alleged efforts to interfere with Appellants' business, and thus that the causes of action are identical as well. See Atlantic Shores Resort, LLC v. 507 S. St. Corp., 937 So. 2d 1239, 1243 n.3 (Fla. 3d DCA 2006) ("The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." (quotation omitted)). Appellants make no argument that the other elements of res judicata are unmet, and we find no basis for such conclusion from the face of the record. We have also reviewed Appellants' remaining arguments and find them to be equally without merit.[2]  Accordingly, the judgment is affirmed.

---

[2] However, we take no position on the statute of limitations issue as an alternative ground for summary judgment.

Affirmed.